**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL ZAMORA,

      Petitioner-Appellant,

v.

TIM LEMASTER, Warden, New Mexico
State Penitentiary; ATTORNEY
GENERAL FOR THE STATE OF NEW
MEXICO,

      Respondent-Appellee.

No. 99-2092
(D. C. No. CIV-98-1143-LH/LCS)
(District of New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

---

Pursuant to 28 U.S.C. § 2254, Michael Zamora filed this habeas corpus action

challenging his New Mexico state court conviction for aggravated battery with a deadly

weapon.[1] Applying the statute of limitations set forth in 28 U.S.C. § 2244(d)(1), the

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination

district court dismissed Mr. Zamora's action as time-barred.  We agree with the district court.

Mr. Zamora was convicted of the aggravated battery offense on June 14, 1995. After the New Mexico Court of Appeals affirmed his conviction, he filed a petition for a writ of certiorari with the New Mexico Supreme Court.  The New Mexico Supreme Court denied the writ on July 11, 1996.

Mr. Zamora contends that he attempted to file his habeas corpus action in a New Mexico state court on June 21, 1997, but that because of various technical deficiencies, the state court did not accept his habeas action for filing until December 9, 1997.  Mr. Zamora's habeas action proceeded through the state system, and he did not obtain relief. The final state court decision on Mr. Zamora's habeas action was issued on May 5, 1998, when the New Mexico Supreme Court denied his certiorari petition.

In concluding that Mr. Zamora's action was time-barred, the district court applied the one-year statute of limitations set forth 28 U.S.C. § 2244(d)(1).  The court determined that the statute began running on October 9, 1996—ninety days after the New Mexico Supreme Court's July 11, 1996 denial of his petition for a writ of certiorari in the direct appeal of his state court conviction.  This ninety-day period represented the time allotted

---

of this appeal.  See Fed. R. App. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.

to Mr. Zamora to file a certiorari petition in the United States Supreme Court.[2]  Giving

Mr. Zamora the benefit of the doubt, the court said that it would assume that the statute

was tolled as soon as Mr. Zamora first attempted to file his habeas petition in the New

Mexico state court (on June 21, 1997).  Allowing the tolling to continue until the May 5,

1998 (the date on which the New Mexico Supreme Court denied the certiorari petition in

the state habeas action) still could not render Mr. Zamora's federal habeas action timely.

More than eight months had elapsed from October 9, 1996 until June 21, 1997 (the

earliest possible date that Mr. Zamora could be deemed to have filed his state habeas

petition), and almost four and a half months had elapsed from May 5, 1998 until

September 18, 1998 (the date that Mr. Zamora's habeas action was finally filed in the

federal district court).   The district court thus concluded that this total time period

exceeded the one-year period allowed by 28 U.S.C. § 2244(d)(1).

On appeal, Mr. Zamora argues that the statute of limitations did not start running

until December 9, 1997, the date that the state court finally allowed him to file his habeas

---

[2]         There is some confusion in the district court order about the date on which Mr. Zamora's habeas federal habeas action accrued.  The court initially reported that the first day after the ninetieth day following the New Mexico Supreme Court's denial of the certiorari petition in the direct appeal was October 9, 1996.  However, later in the same decision, the court used October 19, 1996  as the date that the statute began running. As discussed above, this difference is not significant, because, even giving Mr. Zamora the benefit of an additional ten days before the statute started to run, his petition was still untimely under 28 U.S.C. § 2244(d)(1).  It appears to us that the October 19, 1996 date is a typographical error and that district court intended to say that the statute started to run at the end of the ninety-day period for filing a certiorari petition in the United States Supreme Court (which would be October 9 rather than October 19).

petition.  His argument is based on an interpretation of 28 U.S.C.§ 2244(d)(1), which states that the statute of limitations for federal habeas actions begins to run on the latest of four relevant dates:  (1) the date when judgment of conviction became final, either by the conclusion of direct review or the expiration of the time allowed to seek direct review; (2) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed;" (3) the date when the Supreme Court first recognized the asserted constitutional right; or (4) the date when the factual predicate of the prisoner's claim or claims was discoverable through due diligence.  See 28 U.S.C. § 2244(d)(1).  Mr. Zamora invokes the second date.  He characterizes the state's refusal to accept his habeas petition for filing until December 9, 1997 as a state-created impediment.  Because he filed his habeas petition within a year of the removal of the impediment, he argues, his federal habeas petition is timely.

In our view, Mr. Zamora has failed to establish that the state court's refusal to accept his habeas petition until December 9, 1997 constituted an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States."  28 U.S.C. § 2244(d)(1)(B).  Moreover, even if some tolling is warranted, we can see no reason why the statute of limitations should not run from the time that Mr. Zamora's  conviction became final (October 9, 1996) until the time that he first attempted to file his habeas petition in state court (June 21, 1997).  That eight month delay is properly attributable to Mr. Zamora's own actions rather than to any alleged impediment

4

created by the state.

We therefore agree with the district court's conclusion that the statute of limitations ran for two periods: (1) the period from the date that Mr. Zamora's conviction became final (October 9, 1996) until the date that he first attempted to file his habeas petition in state court (June 21, 1997); and (2) the period from the New Mexico Supreme Court's denial of the certiorari petition in the state court habeas action (May 5, 1998) until the filing of the instant action (on September 18, 1998). The combined length of these two periods exceeds one year.

Accordingly, we AFFIRM the district court's order finding that Mr. Zamora's federal habeas action is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

Entered for the Court,


Robert H. Henry
Circuit Judge

5